09-0166 Shane Watson v. Shirley Newman and Jill Watkins








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 09-0166
════════════
 
Shane Watson, 
Petitioner,
 
v.
 
Shirley Newman and Jill 
Watkins, Respondents
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the 
Seventh District of Texas
════════════════════════════════════════════════════
 
On Motion for Rehearing of Petition
 
            
Justice 
Willett, joined by Justice Hecht, dissenting from the 
denial of the motion for rehearing of the petition.
 
            
Law-enforcement professionals throughout Texas earn extra money by 
moonlighting as private security officers. This case affords the Court an 
opportunity to clarify when official immunity extends to off-duty peace officers 
who, while working private security jobs, encounter situations that require them 
to discharge their assigned public-servant duties.
            
Here, Shane Watson, a Potter County deputy sheriff, was providing 
off-duty security at a Dillard’s department store. Respondents attempted to 
return a pair of jeans, and a heated dispute arose between them and the sales 
clerk, who phoned her manager and requested security after Respondents allegedly 
threatened her. Watson, dressed in his sheriff’s office uniform (and married to 
the sales clerk), confronted Respondents, who left the store and refused 
Watson’s requests to stop. Watson called for back-up from the sheriff’s 
department, pursued Respondents around the mall on foot, and ultimately arrested 
them for various class B misdemeanors (evading detention, failure to identify, 
and interference with public duties). These criminal charges ultimately went 
away via dismissal or acquittal.
            
Respondents then sued Watson and Dillard’s for several intentional torts 
(assault, willful detention, lack of consent, and abuse of process), and Watson 
moved for summary judgment on official-immunity grounds. Respondents argued 
there was a fact issue as to whether Watson was discharging his duties as a 
peace officer or rather acting as a citizen-husband and/or private security 
guard. The trial court denied the summary-judgment motion, and the court of 
appeals — where only Watson filed a brief — affirmed,1 concluding (in rather conclusory fashion) that parsing public capacity from 
private capacity “presents embedded fact issues that are best left to the trier of fact.”2
            
The ubiquity of Texas peace officers supplementing their incomes by 
working off-duty security jobs — directing Sunday church parking, patrolling 
shopping malls, securing private parties — makes this case worth the Court’s 
attention. When does the role change from private security guard to 
public peace officer? The official-immunity doctrine serves a vital purpose: to 
enable public officials “to act in the public interest with confidence and 
without the hesitation that could arise from having their judgment continually 
questioned by extended litigation.” Ballantyne v. Champion 
Builders, Inc., 144 S.W.3d 417, 424 (Tex. 2004). Accordingly, the 
private-versus-public capacity of off-duty officers merits bright-line guidance, and the Court should clarify the official-immunity 
standard for peace officers working off-duty security jobs. At the very least, 
the important issue of a moonlighting officer’s exposure to personal liability 
merits full briefing in this Court.
            
This case deserves much closer study, and because the Court declines to 
do so, I respectfully dissent.
            

                                                            
            
            
            
            
___________________________________
                                                            
            
            
            
            
Don R. Willett
                                                            
            
            
            
            
Justice
 
OPINION DELIVERED: November 20, 2009.






[1] As the 
court of appeals put it, “Appellees did not favor us 
with a brief nor did they request additional time in which to do so.” ___ S.W.3d ___, ___.

[2] Id. at 
___.